IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-97-5203 REC |
| | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO TERMINATE |
| Plaintiff/ | ) | SUPERVISED RELEASE |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GUSTAVO GONZALEZ, | ) | |
| | ) | |
| | ) | |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |

　　Gustavo Gonzalez, proceeding <u>in pro per</u>, has moved the court for early termination of supervised release.

　　The court ordered the United States Probation Office to respond to petitioner's motion, which response has been received by the court.

　　The court hereby denies petitioner's motion for the reasons set forth herein.

　　Petitioner pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine and marijuana,

1

1 possession of cocaine and marijuana with intent to distribute,
2 and distribution of cocaine and aiding and abetting.  Petitioner
3 was sentenced on September 15, 1998 to 87 months incarceration
4 and 60 months supervised release.  Petitioner's term of
5 supervised release commenced on December 5, 2003.
6     In his motion, petitioner asserts that he has completed at
7 least 12 months of supervised release and that he has completed
8 all conditions of supervised release.  Petitioner contends that
9 he currently works as a carpenter on construction jobs and
10 rehabilitates and remodels deteriorated residential real estate
11 on his days off.  Petitioner further contends:

> Short notice/on demand job opportunities
> without definite timetables outside the
> district, including emergency insurance
> repair, work [sic] have arisen which
> petitioner has had to turn down.  Release
> from supervised probation [sic] would allow
> [Petitioner] to expand his real estate
> construction vocation and increase his
> income.

17     18 U.S.C. § 3583(e) provides in pertinent part:

> The court may, after considering the factors
> set forth in section 3553(a)(1), (a)(2)(B),
> (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),
> and (a)(7) -
>
>     (1) terminate a term of supervised
>     release and discharge the defendant
>     released at any time after the
>     expiration of one year of
>     supervised release, pursuant to the
>     provisions of the Federal Rules of
>     Criminal Procedure relating to the
>     modification of probation, if it is
>     satisfied that such action is
>     warranted by the conduct of the
>     defendant released and the interest
>     of justice ....

2

1   The factors to be considered by the court in considering a motion
2   to terminate supervised release are as follows:
3         (i) "the nature and circumstances of the
    offense and the history and characteristics
4         of the defendants," 18 U.S.C. § 3553(a)(1);

5         (ii) the need for the sentence imposed "to
    afford adequate deterrence to criminal
6   conduct," § 3553(a)(2)(B), "to protect the
    public from further crimes of the defendant",
7   § 3553(a)(2)(C), and "to provide the
    defendant with needed education or vocational
8   training, medical care, or other correctional
    treatment in the most effective manner", §
9   3553(a)(2)(D);

10        (iii) the "kinds of sentence and the
    sentencing range established for the
11  applicable category of offense committed by
    the applicable category of defendant" under
12  the Sentencing Guidelines, § 3553(a)(4);

13        (iv) "any pertinent policy statement issued
    by the Sentencing Commission," § 3553(a)(5);
14  and

15        (v) "the need to avoid unwarranted sentence
    disparities among defendants with similar
16  records who have been found guilty of similar
    conduct ...", § 3553(a)(6).
17
    Early termination of supervised release is appropriate to
18
    "account for new or unforseen circumstances" not contemplated at
19
    the initial imposition of supervised release, see United States
20
    v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997).
21
        The Probation Office advises the court that petitioner has
22
    generally been in compliance with the terms and conditions of
23
    supervision, but has not complied with the requirement that he
24
    register as a narcotics offender pursuant to California Health &
25
    Safety Code § 11590, has not complied with the requirement that
26

                                             3

he notify local law enforcement agencies with whom he is registered within 10 days of a change in residence as required by California Health & Safety Code § 11594, and has failed to complete his most recent Monthly Supervision Report by failing to provide the name and address of his employer, the name of his supervisor, and failing to indicate whether his employer knows of his conviction and can be contacted to verify third party risk notification.  Therefore, while the Probation Office concedes that petitioner's failures to comply with the conditions of supervision are technical, it nonetheless remains that petitioner has not complied with all of the conditions of supervision.  The Probation Office further notes that petitioner played an aggravated role as an organizer/leader in a large narcotics offense, that he has suffered a prior narcotics conviction in 1993 for possession of methamphetamine for sale, that he attempted to avoid arrest for that charge, and that defendant also has a prior conviction in 1989 for auto theft, driving on a suspended license, evading a peace officer, and hit and run.

Given these circumstances, the court concludes that continuation of supervised release is required to afford adequate deterrence to criminal behavior and to protect the public safety. Petitioner's contention that supervised release precludes him from taking jobs out of district on short notice does not suffice to warrant early termination, especially given the representation of the Probation Office that it is always willing to consider approval of out-of-district travel, even on short notice.

he notify local law enforcement agencies with whom he is registered within 10 days of a change in residence as required by California Health & Safety Code § 11594, and has failed to complete his most recent Monthly Supervision Report by failing to provide the name and address of his employer, the name of his supervisor, and failing to indicate whether his employer knows of his conviction and can be contacted to verify third party risk notification.  Therefore, while the Probation Office concedes that petitioner's failures to comply with the conditions of supervision are technical, it nonetheless remains that petitioner has not complied with all of the conditions of supervision.  The Probation Office further notes that petitioner played an aggravated role as an organizer/leader in a large narcotics offense, that he has suffered a prior narcotics conviction in 1993 for possession of methamphetamine for sale, that he attempted to avoid arrest for that charge, and that defendant also has a prior conviction in 1989 for auto theft, driving on a suspended license, evading a peace officer, and hit and run.

Given these circumstances, the court concludes that continuation of supervised release is required to afford adequate deterrence to criminal behavior and to protect the public safety. Petitioner's contention that supervised release precludes him from taking jobs out of district on short notice does not suffice to warrant early termination, especially given the representation of the Probation Office that it is always willing to consider approval of out-of-district travel, even on short notice.

ACCORDINGLY, petitioner Gustavo Gonzalez's motion to terminate supervised release is denied.

IT IS SO ORDERED.

**Dated:  March 30, 2006**          /s/ Robert E. Coyle
668554                              UNITED STATES DISTRICT JUDGE